**IT IS ORDERED as set forth below:**

**Date: September 23, 2026**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **IN RE: ANDREW RYAN EARWOOD,** | ) | **CASE NO: 4:25-40242-pwb** |
| | ) | |
| **Debtor.** | ) | **CHAPTER: 7** |
| ------------------------------------------------ | ) | |
| **ASHLEIGH HARRIS and** | ) | |
| **JASON DEERING,** | ) | **ADV No.: 4:25-ap-4005-pwb** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PAUL W. BONAPFEL** |
| **v.** | ) | |
| | ) | **CONTESTED MATTER** |
| **ANDREW RYAN EARWOOD** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSY</u>

This case came before the Court on a joint motion by the parties to approve a compromise and settlement agreement regarding their respective positions in the above-styled adversary proceeding. The settlement agreement sought to be approved

by Plaintiffs and Defendant (hereafter the "Settlement Agreement") was attached as Exhibit 1 to their motion.

Following notice to all creditors and parties in interest entitled to notice, no objection was filed in opposition to the Motion. The Court held a hearing on the Motion at which no creditor or party in interest appeared to oppose the Motion. After thorough consideration of the Motion, the Settlement Agreement, the record in this case, this Court finds that the approval of the Settlement Agreement as between the Parties is in the best interests of the Estate of the Debtor, the creditors of the Debtor, and all parties in interest. Accordingly, for good cause shown, it is hereby:

**ORDERED** that the Motion is **GRANTED** and that terms of the compromise and settlement between the Defendant and the Plaintiffs as contained in the Settlement Agreement attached to the Motion are **APPROVED**; and it is further

**ORDERED** that Plaintiffs shall have a judgment against the Defendant in the principal amount of $100,000.00 (the "Consent Judgment"), which Consent Judgment is further subject to the terms set forth herein and in the Settlement Agreement; and it is further

**ORDERED** that the Consent Judgment shall be non-dischargeable debts of Defendant pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) and,

consequently, shall be entitled to collateral estoppel effect in this and any subsequent bankruptcy case filed by or against Defendant.

FURTHERMORE, Plaintiffs and Defendant acknowledge that they have read this Order in its entirety, fully understand its content and effect, and agree to the same after having been provided an opportunity to consult with an attorney of their choosing on the terms and conditions set forth herein. There are no representations, covenants, warranties, promises, agreements, conditions, or undertakings between the parties other than as set forth herein. The parties each acknowledge that they have not relied upon any inducements or representations on the part or another in agreeing to the terms set forth in this Order.

**END OF ORDER**

**Consented to by Plaintiffs:**

**ASHLEIGH HARRIS**

Ashleigh Harris

Date: June 15th, 2026

**JASON DEERING**

Jason Deering

Date: June 15th, 2026

**Consented to by Defendant:**

**ANDREW RYAN EARWOOD**

Andrew Ryan Earwood

Date: June 8th, 2026

**Prepared by:**

COX BYINGTON TWYMAN, LLP

/s/ M. West Evans
M. WEST EVANS
Georgia Bar No. 131714
*Attorney for Plaintiff*
711 Broad Street
Rome, GA 30161
(706) 291-2002
West.evans@cbtjlaw.com

**Distribution List:**

M. West Evans
711 Broad Street
Rome, GA 30161

Andrew Earwood
2 Bo Xing, Temple,
Georgia 30179